1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    ANTHONY DAWAYNE LEE TURNER,          )
                                           )
11              Plaintiff(s),              )      No. C 10-5709 CRB (PR)
                                           )
12        v.                               )      ORDER OF SERVICE
                                           )
13    TOM GRAFF, et al.,                   )
                                           )
14              Defendant(s).              )
                                           )
15  _____    )

16          Plaintiff, a prisoner at the Sacramento County Jail, has filed a pro se

17    complaint under 42 U.S.C. § 1983 alleging deprivations of his constitutional

18    rights while he was at Napa State Hospital (NSH).

19                               **DISCUSSION**

20    A.      Standard of Review

21          Federal courts must engage in a preliminary screening of cases in which

22    prisoners seek redress from a governmental entity or officer or employee of a

23    governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

24    claims or dismiss the complaint, or any portion of the complaint, if the complaint

25    "is frivolous, malicious, or fails to state a claim upon which relief may be

26    granted," or "seeks monetary relief from a defendant who is immune from such

27    relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

28    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

2   essential elements: (1) that a right secured by the Constitution or laws of the

3   United States was violated, and (2) that the alleged violation was committed by a

4   person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48

5   (1988).

6   B.   Legal Claims

7   Plaintiff alleges that in December 2008, while he was at NSH, Dr. David

8   Brody refused to help plaintiff see a social worker to assist him with accessing

9   the law library, legal materials and legal phone calls, and instead threatened to

10   have plaintiff restrained if he kept asking for a social worker.  Plaintiff continued

11   to ask for a social worker and Dr. Brody called the NSH correctional officers.

12   According to plaintiff, Dr. Brody, acting program director Tom Graff and

13   correctional officer Bearer Lee (as well as three unidentified Doe defendants)

14   proceeded to take plaintiff down and assaulted him "with the use of excessive

15   force while face down on the floor."  Docket # 1 at 27.  Plaintiff was "kicked,

16   punched, shot severely in the buttocks with psychotropic medication that his

17   boxer shorts were soaked with blood."  Id.

18   Liberally construed, plaintiff's allegations of use of excessive force state a

19   cognizable § 1983 claim for damages against defendants Brody, Graff and Lee

20   and will be served on these defendants.  See Hudson v. McMillian, 503 U.S. 1, 6-

21   7 (1992) (prison officials may use force in a good-faith effort to maintain or

22   restore discipline, but not maliciously and sadistically to cause harm); see also

23   Hydrick v. Hunter, 500 F.3d 978, 997-98 (9th Cir. 2007) (to prevail on excessive

24   force claim, civilly confined plaintiff must show use of force was excessive

25   because it was not reasonably necessary to maintain or restore order and/or

26   discipline), rev'd on other grounds, 129 S. Ct. 2431 (2009).  But plaintiff cannot

27

28   2

proceed against any of the Doe defendants unless he first identifies them and amends his complaint to name them as defendants.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (plaintiff should be given opportunity to identify unknown defendants).[1]

Plaintiff is advised that the instant action will be limited to his § 1983 claim for damages for use of excessive force.  Plaintiff's claims for injunctive relief will be dismissed as moot because it is well-established that when an inmate is transferred to another prison and, as is the case here, there is no reasonable expectation nor demonstrated probability that he will again be subjected to the conditions from which he seeks injunctive relief, the claims for injunctive relief should be dismissed as moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at NSH: Dr. David Brody, acting program director Tom Graff and correctional officer Bearer Lee.  The clerk also shall serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and

---

[1]Plaintiff will be afforded 30 days from the date of this order to identify the Doe defendants and amend his complaint to add them.

3

shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

4

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d.      Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

e.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.      All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  May 6, 2011

CHARLES R. BREYER
United States District Judge