IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAWAYNE LEE TURNER,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>TOM GRAFF, et al.,<br><br>　　　　Defendant(s). | No. C 10-5709 CRB (PR)<br><br>ORDER DIRECTING PLAINTIFF TO FIND UNSERVED DEFENDANTS |

On November 18, 2010, while plaintiff was in custody at Atascadero State Hospital, he filed a pro se complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California alleging deprivations of his constitutional rights while he was at Napa State Hospital (NSH). The Eastern District transferred the case to this court.

On May 9, 2011, the court granted plaintiff's request to proceed in forma pauperis (IFP) and found that his allegations of use of excessive force state a cognizable § 1983 claim for damages against defendants David Brody, Tom Graff and Bearer Lee, and directed the clerk to issue summonses, and the United States Marshal to serve, these defendants at NSH.[1]  But on June 10, 2011, the

---

[1] Plaintiff was afforded 30 days from the date of the order (May 9, 2011) to identify the Doe defendants and amend his complaint to add them, if possible.

summonses were returned unexecuted as to each of these defendants because none of them could be located and served at NSH, as plaintiff alleged.

If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause." Fed. R. Civ. P. 4(m). Because plaintiff's complaint has been pending for more than 120 days, it is subject to dismissal under Rule 4(m). And although a plaintiff who is incarcerated and proceeding IFP may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). This is especially true where, as here, plaintiff is no longer in custody.

Because plaintiff has not provided sufficient and/or current information to allow the Marshal to locate and serve defendants Brody, Graff or Lee, plaintiff must remedy the situation or face dismissal without prejudice of his claims against said defendants. See id. Accordingly, plaintiff must provide the court and Marshal with sufficient and current information for defendants Brody, Graff and Lee such that the Marshal is able to effect service upon them. Failure to do

---

Because plaintiff failed to do so, the Doe defendants are dismissed.

2

| | |
|---|---|
| 1 | so within 30 days of this order will result in the dismissal without prejudice of the |
| 2 | claims against said defendants. |
| 3 | SO ORDERED. |
| 4 | DATED: Aug. 24, 2011 |
| 5 | CHARLES R. BREYER<br>United States District Judge |

G:\PRO-SE\CRB\CR.10\Turner, A1.or2.wpd           3