IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAWAYNE LEE TURNER,<br><br>    Plaintiff(s),<br><br>  v.<br><br>TOM GRAFF, et al.,<br><br>    Defendant(s). | No. C 10-5709 CRB (PR)<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO LOCATE DEFENDANTS |

        On November 18, 2010, while plaintiff was in custody at Atascadero State Hospital, he filed a pro se complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California alleging deprivations of his constitutional rights while he was at Napa State Hospital (NSH). The Eastern District transferred the case to this court.

        On May 9, 2011, the court granted plaintiff's request to proceed in forma pauperis (IFP) and found that his allegations of use of excessive force state a cognizable § 1983 claim for damages against defendants David Brody, Tom Graff and Bearer Lee, and directed the clerk to issue summonses, and the United States Marshal to serve, these defendants at NSH. But on June 10, 2011, the summonses were returned unexecuted as to each of these defendants because none of them could be located and served at NSH. The ligation coordinator at NSH specifically noted that there was no doctor by the name of David Brody at NSH, that Tom Graff had retired and that there was no correctional officer by the name of Bearer Lee at NSH.

On August 24, 2011, the court directed plaintiff to provide the court and marshal with sufficient and current information for defendants Brody, Graff and Lee such that the marshal can effect service upon them. Plaintiff promptly responded that he is a mental health prisoner on a release outpatient program and is not qualified to receive state employee's addresses. He nonetheless noted that the marshal can obtain the last known addresses of former NSH employees Brody and Graff by calling NSH at (707) 253-5000, and that NSH correctional officer Bearer Lee is actually NSH police officer Bernard Lee.

Good cause appearing, the clerk shall issue summons and the marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this and all prior orders on NSH police officer Bernard Lee at NSH. The marshal shall also obtain the last known addresses for former NSH employees Tom Graff and David Brody and, within 30 days of this order, file said addresses with the court under seal or show cause why the marshal service could not obtain the addresses. Cf. Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (once former prison employee is properly identified, marshal service should be able to ascertain individual's current address and, on the basis of that information, complete service).

The clerk is instructed to serve a copy of this order on the parties and on the marshal's service.

SO ORDERED.

DATED: Sept. 7, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Turner, A1.or3.wpd

2