IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY DAWAYNE LEE TURNER, | ) ) | |
| Plaintiff(s), | ) ) | No. C 10-5709 CRB (PR) |
| v. | ) ) | ORDER |
| TOM GRAFF, et al., | ) ) | |
| Defendant(s). | ) ) | |

The Ninth Circuit recently held that "Rand and Wyatt notices must be served concurrently with motions to dismiss [for failure to exhaust available administrative remedies] and motions for summary judgment so that pro se prisoners will have fair, timely and adequate notice of what is required of them in order to oppose those motions." Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012). Because it appears that a Rand notice was not served concurrently with the pending motions for summary judgment in this case, the court will provide said notice now:

>  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for

summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Because plaintiff already has filed an opposition to at least one of the pending motions for summary judgment in this case, he may file a supplemental opposition within 15 days of this order. Defendants shall file a supplemental reply to any supplemental opposition within 7 days thereafter.

SO ORDERED.

DATED: July 9, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Turner, A1.notice.wpd

2